IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:16-CV-68-BO

| | | |
|---|---|---|
| LUTHER H. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on August 31, 2017, in Edenton, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g), 1383(c) for review of the final decision of the Commissioner denying his claims for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act and disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. Plaintiff protectively filed his application for SSI on January 29, 2010 and for DIB on August 6, 2010. Plaintiff's amended alleged onset date for both is April 1, 2008. After initial denial, a hearing was held before an Administrative Law Judge (ALJ), who issued an unfavorable ruling on May 24, 2012. Upon review, the Appeals Council remanded the case, and a new hearing was held on July 11, 2014. After the hearing, the ALJ denied the claims. This decision became the final decision when the Appeals Council

denied plaintiff's subsequent request for review. Plaintiff then timely sought review of the decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision

2

regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's history of coronary artery disease, diabetes, hypopituitarism, and depression were considered severe impairments at step two, but were not found to meet or medically equal a Listing at step three.

The ALJ concluded that Plaintiff had the RFC to perform medium work, lift up to 50 pounds occasionally and 25 pounds frequently, and stand, walk and sit for six hours at a time during an eight-hour work day. The ALJ found that plaintiff was unable to return to his past relevant work, but that, considering plaintiff's age, education, work experience, RFC, and testimony from the vocational expert (VE), there were other jobs that existed in significant

3

numbers in the national economy that Plaintiff could perform. Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Act.

The ALJ's decision is not supported by substantial evidence. In finding that Plaintiff was able to be physically active, the ALJ relied on evidence that Plaintiff obtained his black belt in martial arts and ran a youth ministry in 2011. Tr. 31. However, as the Administration acknowledges in its brief, these were not current activities, but instead positive visualizations he engaged in as a part of therapy. D. Br. at 21, Tr. 502-505. In this case, the ALJ committed error by failing to analyze these activities as memories or visualizations as opposed to current activities. This is reversible error and is not harmless. In order for the error to be harmless, the ALJ would need to further explain the alternative reasoning that makes this mistake harmless. See *Patterson*, 846 F.3d 656, 663 (4th Cir. 2017). The evidence would need to be further explained in order for there to be meaningful judicial review. *Id.* Since it has not been, remand is appropriate.

Additionally, the ALJ failed to appropriately consider Plaintiff's loss of memory. The ALJ found Plaintiff's cognitive testing to be invalid, finding that it was likely Plaintiff exaggerated his symptoms. Tr. 32. Generally, the ALJ found Plaintiff's credibility to be low. Tr. 31. However, part of the reason the ALJ discounted Plaintiff's credibility was due to his ability to "perform rigorous martial arts, obtain his black belt in martial arts, [and] run outreach youth ministries" in 2011, which is erroneous. *Id.*

In this case, the ALJ committed error by relying on incorrect facts both to evaluate Plaintiff's physical abilities and his credibility. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to

4

remand to the agency for additional investigation or explanation.'" *Radford v. Colvin,* 734 F.3d 288, 295 (4th Cir. 2013) (citing *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985)).

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion for judgment on the pleadings [DE 20] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this _18_ day of September, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5